1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   VIEWSIGN INVESTMENTS, INC,    )    Case No. CV 15-2572-GW (PJWx)
                                   )
11                  Plaintiff,     )    [PROPOSED] ORDER SUMMARILY REMANDING
                                   )    IMPROPERLY REMOVED ACTION TO LOS
12        v.                       )    ANGELES COUNTY SUPERIOR COURT
                                   )
13   MEHRDAD KASHER dba            )
     CELLULAR GALLERY, et al.,     )
14                                 )
                    Defendants.    )
15   _____)

16        Before the Court is an unlawful detainer action that Defendant

17   Jonathon Gonzalez removed from the Los Angeles County Superior Court.

18   For the following reasons, the case is summary remanded back to that

19   court.

20        In December 2014, Plaintiff Viewsign Investments, Inc. sued

21   Defendants in the Los Angeles County Superior Court in what appears to

22   be a routine unlawful detainer action for non-payment of rent.  On

23   April 7, 2015, Defendant Jonathon Gonzalez removed the action to this

24   court.  He contends that the case is a federal one because Plaintiff

25   discriminated against Defendants in violation of federal laws and,

26   among other things, failed to ensure that the building was wheelchair-

27   accessible.

28

1    Generally speaking, federal district courts lack subject matter
2    jurisdiction over unlawful detainer actions like this one.  Unlawful
3    detainer actions do not involve federal issues and a defendant cannot
4    introduce one by raising it in his defense and/or a counter-claim.
5    *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal
6    jurisdiction cannot be predicated on an actual or anticipated defense,
7    or rest upon an actual or anticipated counterclaim") (internal
8    citations omitted).  Further, there is no diversity jurisdiction under
9    28 U.S.C. § 1332 because, even if Defendant could establish that the
10   parties are diverse, it is clear from the Complaint that the amount in
11   controversy is less than $25,000.  As a result, Defendant cannot
12   remove the action to this court.  *See* 28 U.S.C. § 1441(a); *see also*
13   *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

14   Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C.
15   § 1447(c), this case is REMANDED to the Superior Court of California,
16   County of Los Angeles, 1725 Main Street, Santa Monica, CA 90401;
17   (2) the clerk shall send a certified copy of this Order to the state
18   court; and (3) the clerk shall serve copies of the Order on the
19   parties.

20   IT IS SO ORDERED.

21
22   DATED: *April 17, 2015*
23
24                                    *George W. Wu*
                                      GEORGE WU
                                      UNITED STATES DISTRICT JUDGE
25   Presented by:
26
27   *Patrick Jn. Walsh*
     PATRICK J. WALSH
28   UNITED STATES MAGISTRATE JUDGE


S:\PJW\Cases-IFP\Civil duty IFP denials\Kasher PO.wpd

2